AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Tonya Snowden | ) | Case Number: 12 CR 491-9 |
| | ) | USM Number: 45817-424 |
| | ) | Lewis Myers, Jr. |
| | | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   One (1) of Indictment.

☐ pleaded nolo contendere to count(s)  
   which was accepted by the court.

☐ was found guilty on count(s)  
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 42 USC 1320a-7b(b)(1)(A) | Conspiracy to Solicit and Receive Kickbacks | 3/31/2011 | 1 |

   The defendant is sentenced as provided in pages 2 through   5, 5A-D   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

x Count(s)   remaining counts   ☐ is   X are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

February 20, 2014  
Date of Imposition of Judgment

_____  
Signature of Judge

Robert M. Dow, Jr., U.S. District Court Judge  
Name and Title of Judge

February 20, 2014  
Date

DEFENDANT: Tonya Snowden
CASE NUMBER: 12 CR 491-9

# PROBATION

The defendant is hereby sentenced to probation for a term of: Two (2) years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Tonya Snowden
CASE NUMBER: 12 CR 491-12

## SPECIAL CONDITIONS OF PROBATION

Defendant to complete 200 hours of community service.

DEFENDANT: Tonya Snowden
CASE NUMBER: 12 CR 491-9

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　☐ fine　☐ restitution.

　　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Tonya Snowden
CASE NUMBER: 12 CR 491-9

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** [X] Lump sum payment of $ 100 due immediately, balance due

    [ ] not later than _____ , or
    [ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

**B** [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

**C** [ ] Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** [ ] Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:
See Attached Preliminary Order of Forfeiture (Pages 5A-D)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 491-9 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| TONYA SNOWDEN | ) | |

### PRELIMINARY ORDER OF FORFEITURE

This matter comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 982 and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On June 27, 2012, an indictment was returned charging TONYA SNOWDEN and others in Count One with conspiracy to offer and pay kickbacks in violation of Title 18, United States Code, Section 371, and Title 42, United States Code, Section 1320a-7b(b)(2)(A), among other violations;

(b) The indictment sought forfeiture to the United States of any and all right, title and interest defendant TONYA SNOWDEN may have in property, real and personal, which constitutes and is derived directly and indirectly from gross proceeds traceable to the offense charged in Count One, including but not limited to the following:

    1.    the total amount of Medicare reimbursements made on claims submitted on behalf of patients for whose referral defendant TONYA SNOWDEN received kickbacks, and

1

    2.    the total amount of kickbacks received by defendant TONYA SNOWDEN;

(c) On October 25, 2013, pursuant to Fed. R. Crim. P. 11, defendant TONYA SNOWDEN entered a voluntary plea of guilty to Count One of the indictment, charging her with a violation of 42 U.S.C. § 1320a-7b(b)(2)(A), thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7);

(d) In the plea agreement entered between the defendant and the United States, defendant TONYA SNOWDEN agreed to the entry of a forfeiture judgment in an amount to be determined by the judge at sentencing, and further agreed to relinquish any right, title or ownership interest that she has in the above-described funds pursuant to 18 U.S.C. § 982(a)(7);

(e) Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B) as amended on December 1, 2009, unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing;

(f) In accordance with this provision, the United States requested that this Court enter a judgment in the amount of $1,800, and further enter a preliminary order of forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(7) forfeiting all right, title, and interest defendant TONYA SNOWDEN has in funds in the amount of $1,800 as property constituting and derived from proceeds obtained from the offense of conviction;

(g) Pursuant to 18 U.S.C. § 982 and Fed. R. Crim. P. 32.2, the United States requested that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against defendant TONYA SNOWDEN and included in any judgment and commitment order entered in this case against her.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. A judgment is entered against defendant TONYA SNOWDEN in the amount of $1,800 as proceeds obtained as the result of the violation alleged in Count One of the indictment. It is further ordered,

2. That, pursuant to the provisions of 18 U.S.C. § 982 and Fed. R. Crim. P. 32.2, all right, title, and interest defendant TONYA SNOWDEN may have in the $1,800 judgment is hereby forfeit to the United States of America or disposition according to law. It is further ordered,

3. That, if by an act or omission on the part of defendant TONYA SNOWDEN, funds in the amount of $1,800 cannot be located to satisfy the forfeiture judgment, pursuant to the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), the United States has the authority to forfeit substitute assets up to the amount of the entered judgment amount to satisfy the money judgment entered by this Court. It is further ordered,

4. That, pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1), and Subdivision(b)(3) of Rule 32.2 of the Federal Rules of Criminal

Procedure, upon entry of this preliminary order of forfeiture, the Court hereby authorizes the Attorney General or his designated representatives to conduct discovery to identify or locate property subject to forfeiture, including substitute assets, and to seize property ordered forfeited upon such terms and conditions as set forth by the Court. It is further ordered,

5. That, should assets become available to satisfy the forfeiture judgment in the future, the United States shall at that time file a motion for substitution of assets before this Court requesting permission to seize such assets and publish notice of the United States' intent to forfeit the property in satisfaction of the forfeiture money judgment according to law. It is further ordered,

6. That, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant TONYA SNOWDEN and shall be made part of any judgment and commitment order entered in this case against her. It is further ordered,

7. That, this court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
ROBERT M. DOW, JR.
United States District Judge

DATED: 2-20-14