AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case                    (NOTE: Identify Changes with Asterisks (*))
           Sheet 1

# UNITED STATES DISTRICT COURT

Northern    District of    Illinois

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|

V.

Farzana Begum

Case Number:    12CR491-3
USM Number:    44788-424

**Date of Original Judgment:** 3/26/2014

(Or Date of Last Amended Judgment)

Daniel T. Hartnett

Defendant's Attorney

**Reason for Amendment:**

- [ ] Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- [x] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- [ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- [ ] Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant    [ ] 28 U.S.C. § 2255 or    [ ] 18 U.S.C. § 3559(c)(7)
- [ ] Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

- [x] pleaded guilty to count(s)    Count 1 of the Indictment.
- [ ] pleaded nolo contendere to count(s) _____
  which was accepted by the court.
- [ ] was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Section 371 | Conspiracy to Defraud the United States | March 2011 | 1 |

The defendant is sentenced as provided in pages 2    *(and Court Order)* of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____

- [x] Count(s)    All remaining Counts    [ ] is    [x] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/26/2014

Date of Imposition of Judgment

_signature_

Signature of Judge

Robert M. Dow, Jr., United States District Court Judge

Name and Title of Judge

2/10/2015

Date

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
           Sheet 2 — Imprisonment                                                      (NOTE: Identify Changes with Asterisks (*))

Judgment — Page _____ of _____

DEFENDANT:      Farzana Begum
CASE NUMBER:    12CR491-3

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
* 9 months and 15 days as to Count 1 of the Indictment.    See the attached Order.

☒  The court makes the following recommendations to the Bureau of Prisons:
Alderson, West Virginia.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____  ☐ a.m.  ☐ p.m.   on _____ .

☐  as notified by the United States Marshal.

☒  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒  before 2 p.m. on   7/8/2014_____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

A++achment

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| | ) | |
| Farzana Begum | ) | Case Number:    12 CR 491-3 |
| | ) | |
| | ) | USM Number:    44788-424 |
| | ) | |
| | ) | Daniel T. Hartnett |
| | | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    One (1)

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Defraud the United States | March 2011 | 1 |

The defendant is sentenced as provided in pages 2 through    11    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)    all remaining counts    ☐ is    X are    dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

March 26, 2014
Date of Imposition of Judgment

_____
Signature of Judge

Robert M. Dow, Jr., U.S. District Court Judge
Name and Title of Judge

March 26, 2014
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

| | Judgment — Page __2__ of __11__ |
|---|---|

DEFENDANT:      Farzana Begum
CASE NUMBER:    12 CR 491-3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Twelve (12) months and One (1) day on Count One of the Indictment.

X    The court makes the following recommendations to the Bureau of Prisons:
     Alderson, West Virginia

     Please note the medical reports attached to corrected PSR.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

     ☐  as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     X  before 2 p.m. on    July 8, 2014                    .

     ☐  as notified by the United States Marshal.

     ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___11___

DEFENDANT:        Farzana Begum
CASE NUMBER:      12 CR 491-3

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :      One (1) year.


The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 4C — Probation

Judgment—Page ___4___ of ___11___

DEFENDANT:      Farzana Begum
CASE NUMBER:    12 CR 491-3

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall perform 200 hours of community service as directed by the probation officer.

The defendant shall pay any financial penalty imposed by this judgment, and remains unpaid at the commencement of the term of supervised release. The defendant's monthly payment schedule shall be an amount equal to ten percent of her net monthly income.

The defendant shall participate mental health treatment.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT:          Farzana Begum

CASE NUMBER:        12 CR 491-3

Judgment — Page  5  of  11

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100 | $ 60,000 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X  the interest requirement is waived for the   X fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B° (Rev. Case: 1:12-cr-00491 Document #: 220 Filed: 03/26/14 Page 6 of 11 PageID #:1811
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___11___

DEFENDANT: Farzana Begum
CASE NUMBER: 12 CR 491-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** X Lump sum payment of $ ___60,100___ due immediately, balance due

☐ not later than _____ , or
x in accordance ☐ C, ☐ D, ☐ E, or x F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay any financial penalty imposed by this judgment, and remains unpaid at the commencement
of the term of supervised release. The defendant's monthly payment schedule shall be an amount equal to ten percent
of her net monthly income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached Preliminary Order of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 491-3 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| FARZANA BEGUM | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This matter comes before the Court on motion of the United States for entry

of a preliminary order of forfeiture as to specific property pursuant to the provisions

of Title 18, United States Code, Section 982 and Fed. R. Crim. P. 32.2, and the

Court being fully informed hereby finds as follows:

(a)    On June 27, 2012, an indictment was returned charging FARZANA

BEGUM and others in Count One with conspiracy to offer and pay kickbacks in

violation of Title 18, United States Code, Section 371, and Title 42, United States

Code, Section 1320a-7b(b)(2)(A), among other violations;

(b)    The indictment sought forfeiture to the United States of any and all

right, title and interest defendant FARZANA BEGUM may have in property, real

and personal, which constitutes and is derived directly and indirectly from gross

proceeds traceable to the offense charged in Count One, including but not limited to

the following:

1.    the total amount of Medicare reimbursements made on claims
submitted on behalf of patients for whom defendant FARZANA
BEGUM received kickbacks, and

1

2.    the total amount of kickbacks received by defendant FARZANA BEGUM;

(c)    On December 2, 2013, pursuant to Fed. R. Crim. P. 11, defendant FARZANA BEGUM entered a voluntary plea of guilty to Count One of the indictment, charging her with a violation of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(2)(A), thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7);

(d)    In the plea agreement entered between the defendant and the United States, defendant FARZANA BEGUM agreed to the entry of a forfeiture judgment in the amount of $342,000, and further agreed to relinquish any right, title or ownership interest that she has in the above-described funds pursuant to 18 U.S.C. § 982(a)(7);

(e)    On January 16, 2014, defendant FARZANA BEGUM provided a check to the government in the amount of $324,000, in full satisfaction of the agreed forfeiture judgment amount;

(f)    Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B) as amended on December 1, 2009, unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing;

(g)    In accordance with this provision, the United States requests that this Court enter a judgment in the amount of $324,000, and further enter a preliminary

2

order of forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(7) forfeiting all right, title, and interest defendant FARZANA BEGUM has in the $324,000 judgment and in the $324,000 judgment payment, as property constituting and derived from proceeds obtained from the offense of conviction;

(h)     Pursuant to 18 U.S.C. § 982 and Fed. R. Crim. P. 32.2, the United States requested that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against defendant FARZANA BEGUM and included in any judgment and commitment order entered in this case against her.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.     A judgment is entered against defendant FARZANA BEGUM in the amount of $324,000 as property representing proceeds obtained by the defendant as the result of the violation alleged in Count One of the indictment.  It is further ordered,

2.     That, pursuant to the provisions of 18 U.S.C. § 982 and Fed. R. Crim. P. 32.2, all right, title, and interest defendant FARZANA BEGUM may have in the $324,000  judgment and in the $324,000 judgment payment submitted to the government on January 16, 2014, is hereby forfeit to the United States of America or disposition according to law. It is further ordered,

3.     That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 18 U.S.C. § 982 (b)(1), upon entry of this preliminary order of forfeiture, the

3

United States Marshals Service shall seize and take custody of the $324,000 payment for disposition according to law. It is further ordered,

4.     That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1), upon entry of a preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the $324,000 payment according to law. The government may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware at this time of anyone who qualifies for such notice. It is further ordered,

5.     That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1), if, following notice as directed by this Court and 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1), any person, other than the defendant, asserts a legal interest in the property that has been ordered forfeited to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph 4, whichever is earlier, and petitions the Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury. It is further ordered,

6.     That, following the Court's disposition of all third party interests, the Court shall, if appropriate, upon the government's motion, enter a final order of forfeiture as to the $324,000 payment, which is the subject of this preliminary order

Case: 1:12-cr-00491 Document #: 350 Filed: 02/10/15 Page 13 of 13 PageID #:2831
Case: 1:12-cr-00491 Document #: 220 Filed: 03/26/14 Page 11 of 11 PageID #:1816
Page 11 of 11

of forfeiture, which shall vest clear title in the United States of America. It is further ordered,

7. That, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant FARZANA BEGUM and shall be made part of any judgment and commitment order entered in this case against her. It is further ordered,

8. That, this court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

*Robert M. Dow, Jr.*

ROBERT M. DOW, JR.
United States District Judge

DATED: March 26, 2014

5